UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01158-TWP-DML |
| | ) | |
| RICHARD BROWN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Michael Woods is an inmate at Pendleton Correctional Facility (PCF). Because Mr. Woods is a "prisoner," the Court is obligated to screen his amended complaint, dkt. 17. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the second amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mr. Woods' pro se pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Amended Complaint

The amended complaint is based on events that occurred in 2019 while Mr. Woods was confined at Wabash Valley Correctional Facility (WVCF). He asserts claims against ten Indiana Department of Correction (IDOC) employees at WVCF based on the following allegations.

In August 2019, Mr. Woods became involved in a dispute with Counselor A. Rittenberg based on her refusal to send outgoing mail to his brother at a specific address. On August 19, 2019, Mr. Woods sent an informal grievance to Ms. Rittenberg about this issue. The following day, Mr. Woods brought the issue to the attention of Ms. Rittenberg's supervisor, Unit Team Manager Heather Blasingame.

On August 21, 2019, Casework Manager Brian Mifflin called Mr. Woods and his cellmate into his office. Mr. Mifflin told them they were being moved to a new housing unit, GHU, because they were on "idle no pay" status. The housing change did not follow the usual administrative process, which would involve a classification hearing, a disciplinary proceeding, an administrative request, or approval by a classification officer. Mr. Woods alleged that they were being moved in retaliation for his informal grievance against Ms. Rittenberg.  Mr. Mifflin responded, "Well, that's the reason Reeves gave me." Dkt. 17 at 6. Defendant F. Reeves is another Casework Manager at WVCF.

GHU is commonly used to house inmates who have been found guilty of disciplinary violations, released from disciplinary restricted status housing (DRSH) or administrative

2

restrictive status housing (ARSH), or based on an administrative request. None of these circumstances applied to Mr. Woods.

Mr. Woods immediately brought this housing change to the attention of Deputy Warden Frankie Littlejohn, who responded that he did not believe the move was retaliatory. Mr. Woods sent letters and grievances to numerous staff members regarding his move to GHU, his loss of privileges that were available to him in the previous housing unit, and the failure to follow the proper procedure for assigning him to GHU.

Mr. Woods requested certain paperwork regarding his housing change from Classification Supervisor Andrea Mason. Although she told Mr. Woods he would receive the paperwork when it was finished, Mr. Woods alleges that it never existed and that she lied to assist Ms. Rittenberg, Mr. Mifflin, and Ms. Reeves to cover up the fact that they moved him in retaliation and not according to the usual procedures.

Mr. Woods also alleges that he was subjected to unconstitutional conditions in GHU, including being forced to eat his meals in only ten minutes, being strip-searched in front of female officers, and being locked down in his cell without recreation for a two-and-a-half week period after other inmates in the unit were found to have weapons in their cells.

### III. Discussion of Claims

The action **shall proceed** with First Amendment retaliation claims against Defendants Rittenberg, Blasingame, Mifflin, Reeves, and Mason pursuant to 42 U.S.C. § 1983. The allegations in the complaint support a reasonable inference that these four defendants were personally involved in assigning Mr. Woods to GHU in retaliation for his filing grievances against Ms. Rittenberg.

The allegations in the complaint do not support a reasonable inference that any other defendant was personally involved in transferring Mr. Woods to GHU. "Only someone personally responsible in a constitutional violation can be held liable under § 1983." *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). Accordingly, to the extent the complaint asserts a retaliation claim against any other defendant, it is **dismissed** for **failure to state a claim** upon which relief may be granted.

Claims based on allegations that defendants did not investigate or favorably respond to letters or grievances are also **dismissed** for **failure to state a claim** upon which relief may be granted. It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

Claims based on the allegation that Mr. Woods was wrongly classified or classified without being afforded the usual procedures are **dismissed** for **failure to state a claim** upon which relief may be granted. These include Mr. Woods' assertions that the defendants denied him due process in violation of the Fourteenth Amendment. "Classifications of inmates implicate neither liberty nor property interests . . . ." *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) (citing *Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976)). Additionally, "Section 1983 protects against 'constitutional violations, not violations of . . . departmental regulation and .

. . practices.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)).

Mr. Woods asserts that the defendants denied him equal protection of the laws in violation of his Fourteenth Amendment rights. These claims are **dismissed** for **failure to state a claim** upon which relief may be granted. "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). Suspect classes receiving heightened Fourteenth Amendment protection are based on immutable characteristics, disabilities, or a history of unequal treatment. *Segovia v. United States*, 880 F.3d 384, 390 (7th Cir. 2018). Mr. Woods does not allege that he belongs to a suspect class. Even if he did, he would also have to allege that he was "treated differently from a similarly situated" person *outside* his suspect class, *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017), and he states no such allegation.

Claims based on the theory that Mr. Woods' conditions of confinement in GHU violated the Eighth Amendment are **dismissed** for **failure to state a claim** upon which relief may be granted. Although Mr. Woods alleges that he received less out-of-cell recreation time than inmates housed outside GHU, he has not provided any information that would allow the Court to determine whether his recreation time fell below the constitutional standard. Moreover, assuming for the sake of argument that Mr. Woods' allegations regarding meal times, strip searches, and the two-and-a-half-week lockdown supported plausible Eighth Amendment claims, they are not accompanied by any allegations regarding what defendants were personally responsible for those conditions. *Wojcik*, 803 F. App'x at 27.[1]

---

[1] Additionally, if Mr. Woods had asserted plausible Eighth Amendment claims, it is not clear that they could proceed with his retaliation claims. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one

Finally, claims for injunctive relief are **dismissed** as **moot** because Mr. Woods is no longer imprisoned at WVCF. *See, e.g.*, *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.") (discussing *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1995)). The amended complaint describes completed actions by WVCF employees and does not allege that the conditions they imposed on Mr. Woods, or their authority over him, have followed him to PCF.

### IV. Conclusion and Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the following defendants in the manner specified by Rule 4(d): (1) A. Rittenberg, (2) Heather Blasingame, (3) Brian Mifflin, (4) Andrea Mason, and (5) F. Reeves. Process shall consist of the amended complaint (dkt. [17]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Woods believes he asserted additional claims not addressed by the Court, he shall have **through September 18, 2020**, to notify the Court.

The **clerk is directed** to terminate the following defendants from the action, as all claims against them have been dismissed: Richard Brown, Kevin Gilmore, Frankie Littlejohn, Kevin Hunter, and S. Fischer.

**IT IS SO ORDERED.**

Date: 8/26/2020

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

action as defendants if"—and only if—"any question of law or fact common to all defendants will arise in the action.").

Distribution:

MICHAEL WOODS
911570
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction Employees at Wabash Valley Correctional Facility:

    A. Rittenberg
    Heather Blasingame
    Brian Mifflin
    Andrea Mason
    F. Reeves.